IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-mc-00057-BNB

IN THE MATTER OF THE PETITION OF ROBERT W. MANN,
INDIVIDUALLY AND AS TRUSTEE FOR ROBERT W. MANN
RETIREMENT TRUST,
FOR DEPOSITIONS PURSUANT TO RULE 27 OF FEDERAL
RULES OF CIVIL PROCEDURE

_____

**ORDER**
_____

This matter is before me on **Petitioner's Motion to Reopen Case for the Purpose of Clarifying the Court's Authority to Hear the Rule 27 Petition** [Doc. # 18, filed 9/5/2007] (the "Motion to Reopen").  Respondents Robert Hunter and Russell Williams have filed a response in opposition to the Motion to Reopen [Doc. # 21, filed 9/26/2007].  The Motion to Reopen is GRANTED.

This action was commenced by the filing of a Verified Petition to Take Depositions Before Action Under Rule 27 of the Federal Rules of Civil Procedure [Doc. # 1, filed 8/7/2007].  The petition clearly and unequivocally invokes the authority of Fed. R. Civ. P. 27.  The Clerk of the Court designated the petition as a miscellaneous action, see D.C.COLO.LCivR 10.1(I)(2), and the matter was drawn to me for determination.  This was an error.

Our local rules of practice define the authority and duties of magistrate judges at D.C.COLO.LCivR 72.1 as follows:

> **A. General Authority.**  Except as restricted by these rules, magistrate judges may exercise all powers and duties authorized by federal statutes, regulations, and the Federal Rules of Civil Procedure.

> **B. Duties.**  Each magistrate judge may:
>
> * * *
>
> 7.  make determinations and enter appropriate orders on discovery disputes in cases pending in other federal courts. . . .
>
> **C. Other Duties.**  <u>Upon reference by a district judge</u>, a magistrate judge may:
>
> * * *
>
> 2.  handle petitions to perpetuate testimony pursuant to Fed. R. Civ. P. 27. . . .

(Emphasis added.)

The petitioner correctly points out that my authority to enter an order on the petition, absent the unanimous consent of the parties, <u>see</u> 28 U.S.C. § 636(c), may arise only upon a "reference by a district judge. . . ." D.C.COLO.LCivR 72.1(C)(2). No such reference was made here.

Respondents Hunter and Williams argue that the petitioner impliedly consented to my exercise of jurisdiction under § 636(c). Contrary to the argument, our local rules of practice require the following steps before a § 636(c) reference may be made in this district:

> **C. Notice.**  Upon the filing of any civil case, the clerk shall deliver to the plaintiff(s) written notice of the right of the parties to consent to disposition of the case by a magistrate judge pursuant to 28 U.S.C. § 636(c) and the provisions of this rule.  <u>The written notice shall be in such form as the district judges shall direct</u>.  The clerk shall also provide copies of such notice to be attached to the summons and thereafter served upon the defendant(s) in the manner provided by Fed. R. Civ. P. 4. . . .
>
> **D. Unanimous Consent; Determination.**  Written consent to proceed before a magistrate judge must be filed no later than ten days after the discovery cut-off date.  In cases not requiring discovery, the parties shall have 40 days from the filing of the last responsive pleading to file their unanimous consent.  When there is such consent, <u>the magistrate judge shall forthwith notify the</u>

2

> assigned district judge, who will then determine whether to enter an order of reference pursuant to 28 U.S.C. § 636(c).

D.C.COLO.LCivR 72.2(C) and (D) (emphasis added).

Here, there was no unanimous written consent on the form prescribed by the district judges, and no district judge determined whether to enter an order of reference.

IT IS ORDERED that the Motion to Reopen is GRANTED, and the case is reopened for purposes of compliance with D.C.COLO.LCivR 72.1.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to convert this miscellaneous case to a civil case, D.C.COLO.CivR 10.1(I), and to cause it to be assigned to a district judge. D.C.COLO.LCivR 40.1. Nothing herein vitiates my order of August 28, 2007, which remains in effect unless modified by subsequent proceedings.

Dated October 16, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge