IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  07-cv-02175-WDM-BNB

ROBERT W. MANN,

Plaintiff,

v.

KIT BRADSHAW, a Colorado resident,
ROBERT JOHN HUNTER, a citizen of the United Kingdom,
RUSSELL GURNEY WILLIAMS, a citizen of the United Kingdom, and
MONA BINA VASWANI, a citizen of the United Kingdom,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

On February 10, 2010, I ordered the plaintiff to show cause, in writing and on or before February 24, 2010, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for failure to prosecute.  Order to Show Cause [Doc. # 33].   The Order to Show Cause noted that no filings have been made since April 14, 2008.  The plaintiff failed to respond to the Order to Show Cause.

Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order.  If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

The plaintiff has abandoned the action.

I respectfully RECOMMEND that the action be dismissed without prejudice for lack of

prosecution and failure to comply with my Order to Show Cause.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 1, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge